IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FITZGERALD JENKINS                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO.2:06CV177-WAP-JAD

ROBERT BROWN, et al.                                                                             DEFENDANTS

**REPORT AND RECOMMENDATION**

On January 17, 2007, plaintiff, an inmate of the Bolivar County Regional Correctional Facility, appeared before the court, via video conference, for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Jenkins was assaulted by another inmate who is a gang member. The three defendants were at different times involved in investigating the attack. First Brown and then Hall were asked to get the plaintiff moved because he feared for his life. He was not moved as quickly as he would have wanted. The inmate who had attacked Jenkins was subsequently verbally abusive but did not physically attack him. Since the filing of the lawsuit the inmate who attacked Jenkins has been moved from the facility. In order to state a §1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981)). Negligence or the lack of due care of the prison officials simply does not trigger the protections of the Due Process Clause. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed. 2d 677(1986)(citing *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 677, 88 L.Ed. 662 (1986)). Also, an isolated attack by another inmate does not establish the absence of the protection that is afforded inmates. *See O'Neal v. Evans*, 496

F.Supp. 867 (D.C. Ga. 1980). Here there is not even an allegation of negligence with regard to the attack. Jenkins does not allege that anything could have been done to prevent the attack, rather he is dissatisfied with the response to the attack.

With regard to the failure to move either Jenkins or his assailant, after the attack, plaintiff must establish some physical injury as a condition precedent to recovery of compensatory damages. 42 U.S.C.§ 1997e(e) and *Alexander v. Tippah County, Mississippi*, 351 F. 3d 626(5th Cir. 2003). Under 42 U.S.C.A. § 1997e(e) "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." See *Geiger v. Jowers*, 404 F.3d 371(5th Cir. 2005)(The requirement of a physical injury as a prerequisite to a claim for compensatory damages is not dependent upon the nature of the underlying constitutional claim; affirming the dismissal of a claim for First Amendment violations)**;** *Brown v. Hembest*, 2005 WL 1174661(N.D. Miss. 2005)(Pro se complaint alleging failure to prevent inmate on inmate violence dismissed partly due to failure to allege any physical injury); *Brown v. Sudduth*, 2005 WL 2406090(N.D. Miss. 2005) ("As ... Brown seeks only money damages, and as he has not alleged physical injury, his claims for compensatory damages must fail." *Id.* at 4.); *Jones v. Greninger,* 188 F. 3d 322(5th Cir. 1999)(Eighth Amendment claim for damages for failure to protect properly dismissed for failure to allege physical injury). Jenkins does not claim that there was any physical confrontation after the initial attack. Any injury he suffered would be limited to anxiety or emotional distress. Because he has not suffered a physical injury he is not entitled to compensatory damages.[1]

---

[1] The plaintiff includes a claim for punitive damages but fails to state facts which could support the claim. To allow punitive damages, a defendant's conduct must be motivated by "evil intent" or demonstrate subjective "reckless or callous indifference" amounting to "criminal

The undersigned recommends that the complaint be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 18th day of January, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE

---

indifference to civil obligations." *Williams v. Kaufman County,* 352 F. 3d 994, 1015(Citing *Sockwell v. Phelps*, 20 F.3d 187, 192(5th Cir. 1994); *Smith v. Wade*, 461 U.S. 30, 37 n. 6, 41, 56, 103 S. Ct. 1625, 75 L Ed. 2d 632(1983) and *Kolstad v. Am.Dental Ass'n*. 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed.2d 494 (1999). Likewise, with the removal of his assailant from the facility any claim for injunctive relief is moot. *Beck v. Lynaugh*, 842 F. 2d 759, 762(5th Cir. 1987)